945 F.2d 417
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isaac FLEMING, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3301.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Isaac Fleming was removed by the United States Postal Service from his position as a Distribution Clerk. The removal was based on charges of theft and misappropriation of funds, which Fleming admitted. Fleming appealed to the Merit Systems Protection Board (MSPB or Board). After Fleming missed two pre-hearing conferences, the MSPB dismissed his appeal for lack of prosecution. Fleming's petition for review was dismissed for untimely filing, and he appealed to this court. We affirm.
 
 OPINION
 
 2
 Fleming appealed his removal to the MSPB on January 29, 1990.[1] He then missed two prehearing telephone conferences, and did not respond to requests for explanation, even when warned about the possibility of dismissal resulting from his silence. The MSPB Administrative Judge on March 29, 1990, issued an initial decision dismissing the appeal for failure to prosecute. Fleming submitted a change of address and telephone number on April 11, 1990.
 
 
 3
 On May 4, 1990, Fleming filed a petition for review which was rejected as deficient. The MSPB gave him 15 days to amend and refile the petition. On July 24, 1990, Fleming claimed not to have received the rejection, and was sent another copy. He filed the corrected version on November 23, 1990, claiming to have submitted it to the wrong address on October 10, 1990. The Board dismissed the petition as untimely filed.
 
 
 4
 Even were we to give Fleming every benefit of every doubt, his actions leave us no choice. We can assume Fleming filed the corrected version of his petition for review on October 10; he was still well outside the 15-day window. When given the chance, he submitted nothing to show why the delay should be excused for good cause. There is nothing in the record which would permit us to find that the decision of the MSPB to dismiss the petition for review was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 7703 (1988).
 
 
 
 [1]
 Fleming's first, earlier attempt to file an appeal was deficient